## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CATHY M.,[1]                )

                     )

          Plaintiff,     )

                     )     No. 23 C 1726

     v.               )

                     )     Magistrate Judge

MARTIN J. O'MALLEY,     )     Daniel P. McLaughlin

Commissioner of Social Security,[2]  )

                     )

         Defendant.    )

                     )

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Cathy M.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [16] is granted in part, and the Commissioner's cross-motion for summary judgment [20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.    PROCEDURAL HISTORY

On August 5, 2020, Plaintiff filed claims for DIB and SSI, alleging disability since September 15, 2019. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 22, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On August 29, 2022, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.   ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 15, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; right arm carpal tunnel syndrome;

and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: needs to alternate from sitting every 30 minutes, to stand for 2-3 minutes before returning to sitting; can occasionally push and pull with the right upper extremity, and can occasionally reach overhead with the right upper extremity; can frequently handle and finger with the right hand; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently stoop, kneel, crouch, and crawl; and can never work at unprotected heights or around moving mechanical parts. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a caseworker and social welfare administrator. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## **DISCUSSION**

## I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id*. at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in his evaluation of Plaintiff's mental limitations; (2) the ALJ erred in his evaluation of Plaintiff's physical impairments; and (3) the ALJ erred in his evaluation of Plaintiff's symptoms.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ erred by completely failing to address the findings of Dr. Angelica Ortiz, Psy.D., who performed a consultative psychological examination of Plaintiff in September 2021. ([17] at 6-7.) Pertinent to that argument, the ALJ determined that Plaintiff had only mild mental impairments. (R. 35-36.) However, Dr. Ortiz determined otherwise. Dr. Ortiz's consultative report contained the following diagnosis: "Persistent depressive disorder, with anxious distress, with intermittent major depressive episodes, without current episode, moderate in severity." (*Id.* at 1166.) Plaintiff is correct that the ALJ's decision does not mention Dr. Ortiz or her findings, and Defendant concedes as much. ([21] at 5.)

"Though the ALJ need not discuss every shred of evidence in the record, she 'may not ignore an entire line of evidence' that runs contrary to her conclusions." *McNeal v. Colvin*, No. 14 C 3722, 2016 U.S. Dist. LEXIS 53651, at *21 (N.D. Ill. Apr. 21, 2016) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Further, "a medical opinion from an examining consultative psychologist . . . is not

just another piece of evidence . . . [and] ALJs may not ignore these opinions and must explain the weight given to these opinions in their decisions." *Walters v. Astrue*, 444 F. App'x 913, 917 (7th Cir. 2001) (citations and internal quotations omitted).

Consistent with this authority, the ALJ erred in this case by failing to address Dr. Ortiz's examination findings in any manner. *See Sprinkle v. Astrue*, No. 09 CV 5042, 2012 U.S. Dist. LEXIS 147994, at *7 (N.D. Ill. Oct. 10, 2012) ("The ALJ committed error in failing to address the contrary psychiatric consultation of Dr. Chu."). The Court rejects Defendant's argument that the ALJ's lapse in that regard was harmless, as Dr. Ortiz noted Plaintiff to be more impaired than the ALJ found. *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) ("But it is equally clear that an ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion") (citations omitted). The Court also rejects Defendant's contention that there was no error because the ALJ did consider the prior administrative medical finding from Dr. Nichols, and Dr. Nichols considered the consultative examiner findings. That argument fails because the ALJ himself was required to expressly consider Dr. Ortiz's findings. *See Walters*, 444 F. App'x at 917; *Sprinkle*, 2012 U.S. Dist. LEXIS 147994 at *7.

Under the circumstances of this case, the Court can have no insight into how the ALJ's determinations may have changed if he had properly considered Dr. Ortiz's examination. *See Lisa D. v. Kijakazi*, No. 19-cv-04172, 2021 U.S. Dist. LEXIS 199551, at *12 (N.D. Ill. Oct. 18, 2021) ("Remand is warranted. The errors

were not harmless because the Court cannot be sure that the result of the ALJ's finding as to Plaintiff's disability would have been the same if the ALJ had sufficiently evaluated the treating doctor's opinions."). As such, the Court cannot engage in meaningful judicial review. *See Warnell*, 97 F. 4th at 1053-54. Ultimately, the ALJ's failure to expressly consider Dr. Ortiz's consultative examination requires that this matter be remanded. *See Claud P. v. Kijakazi*, No. 19 CV 8354, 2021 U.S. Dist. LEXIS 194912, at *25 (N.D. Ill. Oct. 8, 2021) (finding remand necessary where the ALJ "ignored those aspects of the November 2016 consultive examination that ran contrary to the result he reached").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the medical opinion evidence is properly weighed, Plaintiff's physical RFC is properly derived, and Plaintiff's symptoms are properly evaluated.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for summary judgment [16] is granted in part, and the Commissioner's cross-motion for summary judgment [20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                    **ENTERED:**


DATE:    <u>December 20, 2024</u>    _____
                                     **HON. DANIEL P. McLAUGHLIN**
                                     **United States Magistrate Judge**